IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN HARDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLE MEXICAN FOODS, INC.,<br><br>Defendant. | Civil Action No.: 1:21-cv-1261<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ryan Hardy ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Ole Mexican Foods, Inc. ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon information and belief the following:

## INTRODUCTION

1. Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices, with respect to the sale of its La Banderita tortilla products. The tortilla products at issue in this case are La Banderita Burrito Grande, La Banderita Sabrosísimas Corn, La Banderita Taco Size Flour Tortillas, and La Banderita Whole Wheat Fajita (the "Products").

2. Specifically, Defendant has marketed and sold these Products with labeling, packaging, and advertising that leads consumers to believe that they are made in Mexico, when in fact, they are not. To accomplish this, the front label of the Products prominently use the Mexican flag in the center of the package, Spanish phrases like "El Sabor de Mexico!" (meaning "A taste of Mexico"), and a logo that displays the Mexican flag with the word "Authentic."

3. Tortillas are a staple of Mexican cuisine and are considered to have originated in Mexico.[1] The people of Mexico have a long history with tortillas and are generally credited with having perfected the art of making them.

4. Because of this, consumers value tortilla products that are authentically made in Mexico. Had Plaintiff and other consumers known that the Products were not made in Mexico, they would not have purchased the Products or would have paid significantly less for them. Therefore, Plaintiff and other consumers have suffered an injury-in-fact as a result of Defendant's deceptive practices.

5. Thus, Plaintiff, on behalf of himself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, this is a class action in which there are more than 100 Class members, and at least some Class members are citizens of states different from Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant intentionally avails itself of the markets in New York through the promotion, marketing, and sale of the Products in New York to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

---

[1] http://www.latortillaoven.com/history/ (last visited December 3, 2021).

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this District. Plaintiff resides and purchased the Product in this District.

## PARTIES

9.      Plaintiff Ryan Hardy ("Mr. Hardy") is a citizen of and resides in Buffalo, New York. On or about December 2018, Mr. Hardy, purchased the La Banderita Taco Size Flour Tortillas at a Tops Friendly Markets or Wegmans grocery store in West Seneca, New York. In purchasing the Product, Mr. Hardy saw and relied on Defendant's references to the Mexican flag, the phrase "A Taste of Mexico!", the brand name "La Banderita," and the word "Authentic."

10.     Based on these front-label representations, Mr. Hardy believed he was purchasing tortillas made in Mexico. However, unbeknownst to Mr. Hardy, the Product is not made in Mexico. Mr. Hardy would not have purchased the Product or would have paid significantly less for it had he known that it was not made in Mexico. Therefore, Mr. Hardy suffered an injury-in-fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

11.     Despite being misled, Mr. Hardy would purchase the Product in the future if the Product was in fact made in Mexico. While Mr. Hardy currently believes the Product is not made in Mexico, he lacks personal knowledge as to Defendant's specific business practices, leaving doubt in his mind as to the possibility that in the future the Product might conform to the representations made on the front label of the Product, and might actually be made in Mexico. This uncertainty, coupled with his desire to purchase the Product, and the fact that he regularly visits stores which sell the Product, is an ongoing injury that can and would be

rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein. In addition, Class members will continue to purchase the Products, reasonably but incorrectly believing that they are made in Mexico, absent an injunction. Further, money damages alone are an inadequate remedy, as Class members will continue to purchase the Products.

12.     Defendant Ole Mexican Foods, Inc. maintains its principal place of business in Norcross, Georgia. Defendant sells a line of products under the brand name La Banderita. The La Banderita products are available at grocery retailers in New York, and include products like tortillas, chorizo, chips, and salsas. Defendant, directly and/or through its agents, is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Products in New York.

## FACTUAL ALLEGATIONS

13.     Tortillas are a staple of Mexican cuisine. They are flat, thin, and circular, similar to a thin flatbread. Typically, they are made from either corn or flour, and used in a variety of ways.[2]

14.     Tortillas are considered the national bread of Mexico and are "increasing in popularity throughout the world," with most of the tortillas in the world being produced in Mexico.[3]

15.     At all relevant times pertaining to this Complaint, the Products were sold in New York, and across the United States at grocery chains, and other retailers.

---

[2] *See* Hartley, Alto, *A Brief History of the Tortilla*, February 16, 2018 available at https://altohartley.com/a-brief-history-of-the-tortilla/#:~:text=According%20to%20legend%2C%20tortillas%20were,some%20sort%20of%20maize%20bread (last visited December 3, 2021)

[3] *See* L.W. Rooney, et al., *Grain-Based Products and Their Processing*, https://www.sciencedirect.com/topics/food-science/tortilla (last visited December 3, 2021).

16. The packaging of the Products, regardless of size or variety (e.g., corn tortillas and flour tortillas) all contain the same misleading representations on the front label of the Products, regarding the Mexican origin of the Products. Specifically, the front label of the Products all contain:

    (a)    the phrase "El Sabor de Mexico!" or "A Taste of Mexico!"

    (b)    a Mexican flag on the front and center of the packaging; and

    (c)    the brand name "La Banderita" meaning "the flag", which is a reference to the Mexican flag displayed prominently on all the Products (the foregoing representations are herein collectively referred to as the "Mexican Representations").

17. In addition, some of the Products also contain a circular logo on the front label of the Products, with the Mexican flag and the word "Authentic." Several of the Products also contain Spanish words or phrases, on the front label of the Products, such as "Sabrosisimas" and "Tortillas de Maiz."

18. The foregoing representations, on the front label of the Products, taken in isolation and as a whole, create the misleading impression that the Products are made in Mexico, even though they are not.

19. Examples of the front label of each Product are included in the following pages:









20. The Products' labeling, packaging, and marketing are misleading to reasonable consumers, including Plaintiff and other Class members, and only serve the profit-maximizing interests of Defendant.

21. Defendant deceptively labeled and packaged the Products to target consumers who are interested in purchasing tortillas from Mexico.

22. As the entity responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Products, Defendant knew or should have known that each of the Products falsely and deceptively misrepresents that the Products are made in Mexico.

23. Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising before purchasing the Products, and would reasonably believe that the Products were made in Mexico because of the Mexican Representations.

24. Because the Products are not made in Mexico as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Products was and continues to be misleading and deceptive.

25. Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each Product contains the Mexican Representations; and (2) each Product is not made in Mexico.

26. Plaintiff and other consumers have paid an unlawful premium for the Products. Plaintiff and other consumers would have paid significantly less for the Products had they known that the Products were not made in Mexico. In the alternative, Plaintiff and other consumers would not have purchased the Products at all had they known that the Products were

not made in Mexico. Therefore, Plaintiff and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

27. As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Products are made in Mexico. Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all persons who purchased any of the Products in New York for personal, family, or household purposes, within the applicable statute-of-limitations period (the "New York Class" or "Class").

29. Excluded from the Class are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

30. Plaintiff reserves the right to modify or amend the definition of the proposed Class after having had an opportunity to conduct discovery.

31. Numerosity: The members of the Class are so numerous that individual joinder of all Class members is impracticable. Defendant has sold at least thousands of packages of the Products to Class members. There are likely at least thousands of Class members.

32. <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Class that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

    a. Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Products;

    b. Whether Defendant's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

    c. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

    d. Whether Defendant's conduct violated the numerous state consumer protection statutes alleged herein;

    e. Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

    f. Whether Plaintiff and the Class are entitled to damages and/or restitution, and in what amount;

    g. Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

    h. Whether Plaintiff and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

33. Defendant is engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members. Similar or

identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Class flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

34. <u>Superiority</u>: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

35. <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Class, as all members of the proposed Class are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

36. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Class as his interests do not conflict with the interests of the members of the proposed Class he seeks to represent, and he has retained counsel competent and experienced in class action litigation. The interests of the members of the Class will be fairly and adequately protected by the Plaintiff and his counsel.

37. This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendant acted, or failed to act, on grounds generally applicable to

Plaintiff and the proposed Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

## FIRST CLAIM FOR RELIEF
### Violation of N.Y. Gen. Bus. Law § 349
***(for the New York Class)***

38. Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

39. Plaintiff brings this claim on behalf of himself and on behalf of the members of the New York Class.

40. New York General Business Law ("GBL") § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . ." GBL § 349(a).

41. The practices alleged herein – namely, deceiving consumers into believing that the Products are made in Mexico, when they are not – are unfair, deceptive, and misleading, in violation of GBL § 349.

42. The foregoing deceptive acts and practices were directed at Plaintiff and members of the New York Class.

43. Defendant's misrepresentations regarding the Products are material to a reasonable consumer as the Mexican Representations relate to the origin of the Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchase decisions.

44. At all relevant times, Defendant has known or reasonably should have known that the Products are not made in Mexico, and that Plaintiff and other members of the New York Class would reasonably and justifiably rely on the labeling in purchasing the Products.

45. Plaintiff and members of the New York Class have been injured as a direct and proximate result of Defendant's misleading and fraudulent conduct described above as they

would have paid significantly less for the Products, or would have purchased the Products, had they known that they are not made in Mexico.

46. As a result of Defendant's unlawful action, Plaintiff and members of the New York Class seek to enjoin Defendant's deceptive and unlawful acts and practices described herein, to recover actual damages or fifty dollars (or both), whichever is greater, as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

## SECOND CLAIM FOR RELIEF
### Violation of N.Y. Gen. Bus. Law § 350
*(for the New York Class)*

47. Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

48. Plaintiff brings this claim on behalf of himself and on behalf of the members of the New York Class.

49. GBL § 350 provides in relevant part: "False advertising in the conduct of any business, trade or commerce . . . in this state is hereby declared unlawful."

50. In turn, GBL § 350-a defines false advertising as:

"[a]dvertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual."

51. Defendant's actions are untrue and misleading through their deceptive packaging and marketing of the Products, which deceives consumers into believing that the Products are made in Mexico, when the Products are actually made in the U.S.

52. The foregoing misleading acts and practices were directed to Plaintiff and members of the New York Class.

53. Defendant's false and misleading representations regarding the Products are material to a reasonable consumer because they relate to the origins of the Products (i.e., where the Products are made) purchased by the consumer. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions.

54. The foregoing misrepresentations have resulted in consumer injury or harm to the New York public.

55. Plaintiff and members of the New York Class have been injured as a direct and proximate result of Defendant's violations described above, as they would not have purchased the Products, or would have paid significantly less for them, had they known that the Products are not made in Mexico.

56. As a result of Defendant's unlawful action, Plaintiff and members of the New York Class seek to enjoin Defendant's misleading and unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater (or both), as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully prays for following relief:

A. Certifying the Class as requested herein, designating Plaintiff as class representative, and appointing the undersigned counsel as class counsel;

B. Declaring that Defendant is financially responsible for notifying the New York Class members of the pendency of this suit;

C. Ordering restitution and disgorgement of all profits and unjust enrichment Defendant obtained from Plaintiff and the New York Class members as a result of Defendant's unlawful, unfair and fraudulent business practices;

D. Ordering payment of damages as permitted by law, including actual, compensatory, statutory, and punitive damages, to the full extent permitted by law;

E. Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

F. Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the New York Class;

G. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

H. Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims in this Complaint so triable.

DATED: December 3, 2021        **FARUQI & FARUQI, LLP**

By: /s/ *Innessa M. Huot*
     Innessa M. Huot (IH-1916)

685 Third Avenue, 26th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
E-mail: ihuot@faruqilaw.com

*Attorney for Plaintiff and the proposed Class*