UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

————————————————————————

RYAN HARDY, individually and on
behalf of all others similarly situated,

       Plaintiff,

   v.

OLÉ MEXICAN FOODS, INC.,

       Defendant.

————————————————————————

21-CV-1261 (JLS)

## DECISION AND ORDER

Defendant Olé Mexican Foods, Inc., makes and sells tortillas under the brand name "La Banderita." Plaintiff Ryan Hardy claims Defendant's business practices with respect to the sale of its La Banderita tortillas are misleading. He commenced this action, based on diversity jurisdiction, alleging deceptive acts or practices, in violation of New York General Business Law ("GBL") Section 349, and false advertising, in violation of GBL Section 350. Dkt. 1. Before the Court is Defendant's request for judicial notice and motion to dismiss. Dkt. 7. For the following reasons, its request and motion are granted.

## BACKGROUND

Plaintiff alleges that he purchased "the La Banderita Taco Size Flour Tortillas at a Tops Friendly Markets or Wegmans grocery store in West Seneca, New York," in December 2018. Dkt. 1 ¶ 9. He further alleges that he "saw and relied on Defendant's references to the Mexican flag, the phrase 'A Taste of Mexico!',

the brand name 'La Banderita,' and the word 'Authentic." *Id.* He claims that he

believed he was purchasing tortillas made in Mexico based on these front-label

representations, but that the tortillas are not made in Mexico. *Id.*, at 10. He claims

that he "would not have purchased the Product or would have paid

significantly less for it had he known that it was not made in Mexico." *Id.*

The complaint provides pictures of the tortilla packaging,[1] which reveals a

mixture of Spanish and English phrases and words—including the phrases

allegedly relied upon by Plaintiff, as well as the word "Premium." The packaging

front-sides supplied by Plaintiff do not indicate where the tortillas are made. The

back-sides of the packaging supplied by Defendant contain solely English and are

clear about origin: "MADE IN U.S.A."—appearing either near the manufacturer's

name, or near the universal product code, in readily identifiable font and emphasis

(with white letters against a colored black or green background).

Olé Mexican Foods moved to dismiss. Dkt. 7. It claims, among other things,

that Plaintiff failed to allege that reasonable consumers are likely to be deceived by

the tortilla packaging. Specifically, Defendant argues that "a reasonable consumer

would not look at a few Spanish words and Mexican-themed advertising on a

package of tortillas and credibly believe the product is made in Mexico, particularly

---

[1] The complaint omits the back-sides of the packing materials. Defendant's request
for judicial notice, however, does so and requests that the Court take judicial notice
of the packaging back-sides. Defendant supports its request with an affidavit from
its President of Sales and Marketing. Plaintiff has not contested this. The Court
grants Defendant's request.

when the package expressly states that the tortillas are 'Made in U.S.A.'" Dkt. 7-1, at 12.

Plaintiff responded, arguing that he "must only show that reasonable consumers are *likely to be deceived*" by Defendant's packaging. Dkt. 12, at 8 (emphasis in original). He argues that the representations plausibly show that a reasonable consumer could believe that the tortillas are made in Mexico. *Id.*, at 9. He relies on *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), to further argue that that the disclaimer on the back of Defendant's packaging cannot cure the representations because a reasonable consumer is not expected to cross-check front label representations with information hidden on the back of a product.

In reply, Defendant argues that Plaintiff is misconstruing the holding in *Mantikas*. Dkt. 13. Defendant further argues that, post-*Mantikas*, context still matters and, as applied here, *Mantikas* "establishes that in applying the reasonable consumer standard to the packaging here, the Court evaluates the impact the Made in U.S.A. label would have on a reasonable consumer regarding the question of where the product is made." Dkt. 13, at 9.

## LEGAL STANDARD

### I. MOTION TO DISMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the Court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re*

*NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (quoting *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)).

## II. NEW YORK GENERAL BUSINESS LAW SECTIONS 349 AND 350

GBL Section 349 prohibits "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service." A "deceptive act[ ]" or practice is one that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). GBL Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." The term "false advertising" means "advertising, including labeling . . . if such advertising is misleading in a material respect." GBL § 350-a(1). Both provisions permit "any

4

person who has been injured by reason of any violation" thereof to bring an action to enjoin such unlawful act or practice, an action to recover damages, or both.  GBL §§ 349(h), 350-e(3).

To state a claim under Section 349 or 350, a plaintiff must allege that: (1) the defendant engaged in consumer-oriented conduct; (2) the conduct was misleading in a material way; and (3) plaintiff was injured as a result of the allegedly deceptive act or practice. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). The standards under Sections 349 and 350 are "substantively identical." *C.V. Starr & Co. v. Am. Int'l Grp., Inc.*, No. 06CIV2157HB, 2006 WL 2627565, at *3 n.9 (S.D.N.Y. Sept. 14, 2006) (citing *Goshen v. Mut. Life Ins. Co. of New York*, 774 N.E.2d 1190, 1195 n.1 (N.Y. 2002)). The test, at the second element, is an objective one: the challenged conduct "must be materially deceptive or misleading to a reasonable consumer acting reasonably under the circumstances." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 674 (E.D.N.Y. 2017) (quoting *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014)). The Court may resolve this question on a motion to dismiss. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citing *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.").

5

## DISCUSSION

Defendant's motion to dismiss must be granted because a reasonable consumer would not be misled by Defendant's tortilla packaging as to the country of manufacture.

The primary evidence "in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself." *Id.*, at 742. "And in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Id.*; *see also Mantikas v. Kellogg Company*, 910 F.3d 633, 636 (2d Cir. 2018) ("[A]n allegedly misleading statement must be viewed in light of its context on the product label or advertisement as a whole."). For example, under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception. *See Broder v. MBNA Corp.*, 722 N.Y.S.2d 525 (N.Y. App. Div. 2001) ("[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed . . . ."). In short, the Court must consider "the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636.

Here, the packaging as a whole is clear about the country of manufacture— the United States. No reasonable consumer would view the representations relied upon by Plaintiff and automatically conclude the tortillas were manufactured in Mexico when the representations say nothing about the country of origin and the disclaimer on the back of the packaging expressly states where the tortillas are made. When viewing the "allegedly misleading statement . . . in light of its context

6

on the product label or advertisement," the Court concludes that a reasonable

consumer, acting reasonably under the circumstances, would not be misled as to

where the tortillas were manufactured.

The Court has considered and disagrees with *de Dios Rodriguez v. Ole*

*Mexican Foods Inc.*, No. EDCV202324JGBSPX, 2021 WL 1731604 (C.D. Cal. Apr.

22, 2021), which involved the same claims against the same defendant in this case.

There, the district court applied California and Ninth Circuit law to deny the

motion to dismiss.

Notably, the *Rodriguez* court looked at the same representations at issue

here and determined that they were misleading. It further rejected attempts to rely

on the back-side disclaimers indicating that the tortillas are "Made in the U.S.A."

and manufactured in Norcross, GA, because "the alleged misrepresentations are

prominently displayed in the front label, and the Ninth Circuit has noted that a

reasonable consumer is not 'expected to look beyond misleading representations on

the front of the box to discover the truth.'" *Rodriguez*, 2021 WL 1731604, at *5

(quoting *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008). Plaintiff

looks to this reasoning, and similar reasoning in *Mantikas*, to argue that the

disclaimers here have no effect on the alleged misleading representations at issue.

The Court disagrees.

In *Mantikas*, the defendant manufactured crackers that had "WHOLE

GRAIN" or "MADE WITH WHOLE GRAIN" printed on the front label. The

plaintiffs sued, claiming the labels would cause a reasonable consumer to believe

7

that the grain in the crackers was predominantly whole grain, when, in fact, it was
not. The district court granted defendant's motion to dismiss, relying on disclosures
on the front of the box, which accurately displayed the precise number of grams of
whole grain per serving. The Second Circuit reversed, concluding that the
disclosures furthered the misleading nature of the representations by "imply[ing]
that the grain content is entirely or at least predominantly whole grain, whereas in
fact, the grain component consisting of enriched white flour substantially exceeds
the whole grain portion." *Mantikas*, 910 F.3d at 637. The Second Circuit also
rejected the defendant's argument that the side panel nutrient list acts as a
disclaimer by indicating that 29 grams is the serving size for the crackers and that
"enriched white flour" is the predominant ingredient. The Court determined that
this does not dispel the inference communicated by the front package. It held:

> Reasonable consumers should not be expected to look beyond misleading
> representations on the front of the box to discover the truth from the
> ingredient list in small print on the side of the box . . . . Instead,
> reasonable consumers expect that the ingredient list contains more
> detailed information about the product that *confirms* other
> representations on the packaging."

*Id.* (emphasis in original).

The facts of this case are distinguishable because the representations here
say nothing about where the tortillas are made. Further, the alleged
misrepresentation is based on Plaintiff's assumptions after seeing Spanish words on
the front packaging—even though some words on the front of the package are in
English. At worst, the front-label representations are ambiguous as to where the
tortillas are made, which is resolved after reading the clear country of manufacture

8

on the back of the package. *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, No. 19-CV-2886(EK)(PK), 2021 WL 4502439, at *4 (E.D.N.Y. Sept. 30, 2021) ("[W]hen the front of the package is better characterized as ambiguous than misleading, courts looking at the alleged misrepresentations in their full context and are more likely to grant a motion to dismiss."). The representations here are unlike those in *Mantikas*, which made "a bold and blatant misstatement about a key element of a product, [leaving] little chance that clarification or context on the reverse of the package will suffice to overcome a deception claim (especially at the motion-to-dismiss stage)." *Id.*

Where, as here, front-label product representations are supposedly ambiguous—as opposed to outright false—the Court must consider "the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636; *see also Engram*, 2021 WL 4502439 (lip balm marketed by defendant, which indicated that it provided both 8 hours of moisture and a sun protection factor of 15, would not cause a reasonable consumer to believe the sun protection lasted for 8 hours, when the statement about the sun protection was a different color than the statement about the 8-hour moisture protection, and the directions on the back suggested applying the lip balm every two hours for sun protection); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386 (E.D.N.Y. 2017) (beer distributor that advertised beer brewed in Canada and United States as "original Japanese beer," and included "imported" on labels from Canada, did not mislead reasonable consumer: distributor's use of "imported" was truthful and

9

qualified by disclaimer specifying beer's North American origin, distributor's marketing and slogans alluded to company's actual Japanese heritage and were clearly qualified by disclaimer, and statement appeared in contrasting, visible font, stating where product was produced); *cf. Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94 (E.D.N.Y. 2020) (ambiguous qualifying language on the back of soft drink label could not cure affirmative misrepresentation on the front).

Plaintiff fails to state a claim under GBL Sections 349 and 350.  Defendant's motion to dismiss is granted.

## CONCLUSION

Defendant's request for judicial notice and motion to dismiss are GRANTED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:          July 21, 2022
               Buffalo, New York

                            JOHN L. SINATRA, JR.
                            UNITED STATES DISTRICT JUDGE